IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIE DORSEY,  )
No. 20423-044,  )
  )
Petitioner,  )
  )
  vs.  )  Case No. 17-cv-1392-DRH
  )
T.G. WERLICH,  )
  )
Respondent.  )

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the FCI-Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He asserts that in light of *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), he should not have been subject to the career-offender enhancement under the United States Sentencing Guidelines ("USSG"). He was classified as a career offender based on previous convictions in Missouri and California, and sentenced accordingly. (Doc. 1, p. 2).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Petitioner was convicted in the Eastern District of Missouri, Case No. 02-cr-506-CDP, after he pled guilty to 4 drug-distribution counts and 1 count of assaulting/resisting/impeding a U.S. Marshal. (Doc. 1-1, pp. 2-3). On August 20,

1

2004, he was sentenced to a total of 262 months, with sentences running concurrently. According to petitioner, his guideline range with the career-offender enhancement was 262-327 months, based on a total offense level of 34 and criminal history category of VI. (Doc. 1-1, p. 2). Absent the enhancement, his guideline range would have been only 168-210 months, based on an offense level of 31 and criminal history category of V. *Id.* He further asserts that under the current sentencing guidelines, his total offense level would be only 27, yielding a range of 120-150 months. *Id.* As of the date he filed his Petition, he had served approximately 166 months of his sentence. (Doc. 1-1, p. 2; note 1).

Petitioner notes that his PSR did not "itemize" his prior convictions upon which the career-offender classification was based. (Doc. 1-1, p. 3). He states that he has prior Missouri convictions for (1) possession with intent to distribute cocaine; (2) second degree assault; and (3) more than one conviction for burglary. He also has a previous California conviction for transportation of cocaine. *Id.*

Petitioner did not appeal his conviction or sentence. He did unsuccessfully move for reduction of his sentence pursuant to Amendments 706 and 782. On June 27, 2016, he filed a § 2255 motion for the first time, invoking *Johnson v. United States*, 135 S. Ct. 2551 (2015) to challenge his career-offender status. (Case No. 16-cv-1016-CDP (E.D. Mo.)). He was denied relief on June 6, 2017. (Doc. 1-1, p. 3).

Petitioner argues that under *Mathis*, his Missouri burglary convictions no longer qualify as predicate offenses for career-offender status, because the

Missouri statute criminalizes unlawful entry to a ship, airplane, or other vehicle – which goes beyond the "generic burglary" definition of entry into a building or structure. (Doc. 1-1, pp. 10-11). Similarly, he argues that the California statute under which he was convicted of "transportation" of a controlled substance includes elements that go beyond the definition of a "controlled substance offense" in the United States Sentencing Guidelines. (Doc. 1-1, pp. 11-16). He challenges the Missouri state drug convictions on similar grounds. (Doc. 1-1, pp. 16-19).

Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts. Given the limited record and the still-developing application of *Mathis*, it is not plainly apparent that Petitioner is not entitled to habeas relief.

### Disposition

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before March 28, 2018).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings. Plaintiff's pending motion for bond (Doc. 2) is also referred to United States Magistrate Judge Proud for further consideration.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.02.25
15:47:15 -06'00'

**United States District Judge**