IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIE DORSEY, )
)
       Petitioner, )
vs. )
) Case No. 17-cv-1392-DRH-CJP
T. G. WERLICH, )
)
       Respondent. )

# ORDER

**PROUD, Magistrate Judge:**

Before the Court is petitioner's Motion for Bond Pending Disposition. (Doc. 2).

Citing *Cherek v. United States*, 767 F.2d 335 (7th Cir. 1985), petitioner argues that he should be released on bond pending the resolution of his petition filed under 28 U.S.C. § 2241.

In *Cherek*, the Seventh Circuit held that a federal court has the inherent authority to release a habeas petitioner on bond pending a decision on the merits. *Cherek*, 767 F.2d at 337. However, the Court cautioned that this is "a power to be exercised very sparingly." The Court explained:

> The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Cherek*, 767 F.2d at 337.

Petitioner pleaded guilty to four counts of drug distribution and one count of assaulting/resisting/impeding a U.S. Marshal in the Eastern District of

1

Missouri. At sentencing, he was found to be a career offender under the Sentencing Guidelines and was sentenced accordingly. In his habeas petition, he contends that he was erroneously treated as a career offender in light of *Mathis v. United States*, 136 S. Ct. 2243, 2250 (2016).

Petitioner argues that he is entitled to bond because his habeas petition has a high likelihood of success and there are extraordinary or exceptional circumstances which make the grant of bail necessary to make the habeas remedy effective.

*Cherek* holds that, while 18 U.S.C. § 3143(b) is not strictly applicable because it applies to release pending appeal, a petitioner "who cannot bring himself within its terms is not entitled to bail pending, not appeal - he has appealed and lost - but decision of his postconviction motion." *Cherek*, 767 F.2d at 337–38 (7th Cir. 1985).

Petitioner here cannot bring himself within the terms of § 3143(b). It is not at all clear that there is a substantial likelihood that petitioner will be successful on his habeas claim. Respondent has filed a Motion to Dismiss which raises serious issues as to the merits of the habeas petition, including a waiver of the right to bring a postconviction attack on his conviction and sentence. In addition, he has not demonstrated by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community.

Petitioner's Motion for Bond Pending Disposition (Doc. 2) is DENIED.

**IT IS SO ORDERED.**

**DATE: July 27, 2018.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**