# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIE DORSEY, #20423-044,**

        Petitioner,

vs.                                   Civil No. 17-cv-1392-DRH

**T.G. WERLICH,**

        Respondent.

## MEMORANDUM and ORDER

Petitioner Willie Dorsey filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) challenging the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). He argues that his prior conviction in Missouri should not have been considered as a "crime of violence" and that his prior conviction in California should not have been considered as a "controlled substance offense." Respondent filed a Motion to Dismiss at Doc. 12. Petitioner filed a Response to the Motion to Dismiss at Doc. 14.

## Relevant Facts and Procedural History

On October 3, 2002, a federal grand jury in the Eastern District of Missouri indicted Petitioner on drug charges and one assault charge. *See United States v. Dorsey*, No. 02-cr-506-CDP, Indictment (E.D. Mo. Oct. 3, 2002) (E.D. Mo., Doc. 1). The indictment charged Petitioner with one count of Conspiracy to Distribute Narcotics in violation of 21 U.S.C. § 846 and three counts of Distribution of Narcotics in violation of 21 U.S.C. § 841(a).

1

On March 11, 2004, a federal grand jury superseded the indictment. (E.D. Mo., Doc. 12). The superseding indictment charged Petitioner with the following: count one for Conspiracy to Distribute Narcotics in violation of 21 U.S.C. § 846; counts two through four for Possession with Intent to Distribute Narcotics in violation of 21 U.S.C. § 841(a); and new counts five through seven for Assaulting an Officer in violation of 18 U.S.C. § 111.

On June 1, 2004, pursuant to a plea agreement, Petitioner pled guilty to counts one through five. (E.D. Mo., Docs. 26, 27). Counts six and seven were held in abeyance until sentencing. In the plea agreement, the "Waiver of Post-Conviction Rights" section contained the following language:

> Habeas Corpus: The defendant acknowledges being guilty of the crime to which a plea is being entered, and further states that neither defense counsel nor the government have made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

*See* Plea Agreement, at 3 (E.D. Mo. June 1, 2004) (Doc. 27). During the change of plea hearing, the following exchange took place:

> [The Court]: You're also giving up your right to file a habeas corpus action. That's an action where you would come back later and say that your rights were violated somehow in these proceedings, and you are giving up the right to file that, too, with again a limited exception. If you later found out something that you think is prosecutorial misconduct or ineffective assistance of counsel, you could still file a 2255, that's what it's called in the federal system, habeas corpus, 2255, motion to vacate, and you could still file that on those two bases, but it would have to be something you later found out, and you only have a short period of time under the rules to file that kind of a

motion. So do you understand what you are giving up there?

[Petitioner]: Yes.

(Doc. 14, p. 19).

On August 20, 2004, the district court sentenced Petitioner to a term of 262 months of imprisonment with the sentences running concurrently. (E.D. Mo, Docs. 31, 33). Petitioner did not appeal.

Because of his prior convictions,[1] Petitioner qualified as a career offender under U.S.S.G. § 4B1.2(a). (Doc. 12, pp. 3-4; E.D. Mo. Doc. 61). Pursuant to the career offender guidelines, he had a total offense level of 34 and a criminal history category of VI. *Id.* Therefore, his sentencing guidelines range was 262 to 327 months.

Petitioner filed a Motion to Reduce Sentence under 18 U.S.C. § 3582(c). (E.D. Mo., Docs. 44, 49). The motion was denied because Petitioner's sentences were based on his career offender guidelines and not on the crack cocaine guidelines. (E.D. Mo., Doc. 51).

Petitioner filed a motion under 28 U.S.C. § 2255, challenging his career offender guideline designation. (E.D. Mo., Doc. 59). The motion was dismissed after the Supreme Court issued its ruling in *Beckles v. United States,* 137 S. Ct. 886 (2017). (E.D. Mo. Doc. 61).

---

[1] Petitioner had the following relevant prior convictions: (1) 12/27/1977, Second Degree Burglary (Missouri); (2) 4/26/1986, Possession with Intent to Distribute Cocaine, 18 U.S.C. § 841 (E.D. Mo.); (3) 6/17/1994, Second Degree Assault and Armed Criminal Action (Missouri); and (4) 2/10/1995, Transportation of Cocaine, CA Code 11352(a), 35154) (California).

## **Legal Standards Applicable to Section 2241**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998). A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him.

A motion under § 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to bringing only *one* motion under § 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In*

4

re *Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

### Analysis

Citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), Petitioner argues that his prior convictions should not have been used to enhance his sentence as a career offender under the sentencing guidelines, U.S.S.G. § 4B1.1. Respondent argues that the Petition should be dismissed because (1) the collateral attack is barred by the waiver in the plea agreement, and (2) the Seventh Circuit's decision in *Hawkins*[2] bars Petitioner from bringing a *Mathis* claim in a § 2241 petition.

---

[2] *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013).

The Court finds the first ground of the Motion to Dismiss persuasive. There is no doubt that a plea agreement may include a valid waiver of the right to appeal and to file a collateral attack, and that such waivers are generally enforceable, with limited exceptions. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). The limited exceptions are where the plea agreement itself was involuntary, the defendant argues ineffective assistance of counsel regarding the negotiation of the plea, the sentencing court relied on a constitutionally impermissible factor such as race, or the sentence exceeded the statutory maximum. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). A waiver of the right to bring a collateral attack on a conviction or sentence bars a § 2241 petition; the waiver does not make the remedy afforded by § 2255 inadequate or ineffective so as to open the door to a § 2241 petition. *Muse v. Daniels*, 815 F.3d 265, 266 (7th Cir. 2016). Further, a subsequent change in the law does not render an appeal waiver involuntary. *United States v. Vela*, 740 F.3d 1150, 1151 (7th Cir. 2014).

The Seventh Circuit has enforced appeal waivers against challenges to career offender designations. *United States v. Smith*, 759 F.3d 702 (7th Cir. 2014); *United States v. McGraw*, 571 F.3d 624 (7th Cir. 2009); *United States v. Standiford*, 148 F.3d 864 (7th Cir. 1998).

Petitioner argues that the plea agreement is ambiguous as to whether the waiver was limited to only the right to bring a § 2255 motion. Petitioner bases his argument on the fact that the plea explicitly references motions under § 2255 but

does not reference motions under § 2241 (he raises the same argument with respect to his change of plea hearing). This argument is frivolous; the agreement explicitly waives the right to "contest the conviction or sentence in any post-conviction proceeding" (E.D. Mo. Doc. 27, p. 3), and during the change of plea hearing, the judge reiterated that Petitioner was giving up his right to pursue habeas corpus actions. (Doc. 14, pp. 18-19).

Accordingly, the Court also finds that Petitioner has waived his right to file this action.

## Conclusion

For the foregoing reasons, Willie Dorsey's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 **(Doc. 1)** is **DENIED**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2018.09.28
16:09:20 -05'00'

**United States District Judge**

## Notice

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).